UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Court File No. 00-CV-2738 DSD/JMM

**THE ST. PAUL COMPANIES, INC.**, a/k/a **ST. PAUL FIRE AND MARINE INSURANCE COMPANY**,

Plaintiff,

vs.

**SITTON MOTOR LINES, INC.**, and **SYSTRAN FINANCIAL SERVICES CORPORATION**, a division of Textron Financial Corporation, and **TRUCKERS EXPRESS, INC.**, and **BEHNKE, INC.**, and **SONIC EXPEDITING, INC.**, and **PREMIER TRANSPORTATION, INC.**,

Defendants.

**STIPULATION FOR DISMISSAL WITH PREJUDICE AND ORDER FOR DISMISSAL**

**WHEREAS,** Plaintiff, The St. Paul Companies, Inc. a/k/a St. Paul Fire & Marine Insurance Company ("St. Paul"), initiated an action in Interpleader against the above-named defendants; and

**WHEREAS,** the parties, after due consideration, have reached an agreement as to the disposition of the pending case;

**NOW THEREFORE,** the parties agree and stipulate as follows:

1. That St. Paul has filed with the Clerk of Court the sum of Ten Thousand Dollars ($10,000.00). This amount represents all monies due from St. Paul under the Property Broker's Surety Bond that St. Paul signed in favor of Express America, Inc., 29124 Airport Drive, Romulus, Michigan 48174, Bond No. 400KA 9601 (hereinafter referred to as the "Bond").

2. That upon execution of this Order, St. Paul will be discharged from any and all

FILED 1-8-01
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD 1-9-01
DEPUTY CLERK

liability arising out of, or in any way relating to, the Bond. The above-named parties to this lawsuit expressly reserve any and all claims against Express America, Inc. for sums due and owing to the extent not satisfied by pro rata distribution of the Bond funds.

3. Upon execution of this Order, the above-named defendants, their respective insurers, subsidiaries, parent corporations, successors, predecessors, officers, directors, executors, administrators, employees, attorneys, agents, assigns, and any other unnamed and unknown parties that may claim right to money due under said Bond, agree and stipulate that St. Paul will be discharged from any and all liability arising out of, or in any way related to the Bond.

4. The above-named defendants agree that they are only known and valid claimants to the funds deposited by St. Paul, and that as the total of their combined claims will exceed the amount deposited by St. Paul, the funds should be distributed on a pro rata basis according to the amount of the respective claims.

5. The Clerk of Court shall distribute the Bond funds in accordance with the following pro rata distribution:

(1) Premier Transportation, Inc. is entitled to $1,146.60.

(2) Systran Financial Services Corp. is entitled to $4,223.16.

(3) Sitton Motor Lines, Inc. is entitled to $1,059.92.

(4) Behnke, Inc. is entitled to $17.58.

(5) Sonic Expediting, Inc. is entitled to $3,302.19.

(6) Truckers Express, Inc. is entitled to $250.55.

6. That upon distribution of the Bond funds, as described above, the parties hereto

agree that the above-entitled action may be dismissed with prejudice and on the merits, but without further cost to any of the parties hereto.

Dated: 12-26, 2000.

Mark J. Heley, Esq.
**MEAGHER & GEER, P.L.L.P.**
4200 Multifoods Tower
33 South Sixth Street
Minneapolis, MN 55402
(612)338-0661
***Attorneys for Plaintiff St. Paul Companies***

Dated: October 20, 2000.

John T. Husk, Esq.
**SEATON & HUSK, L.P**
2240 Gallows Road
Vienna, VA 22182
***Attorneys for Defendant Sonic Expediting, Inc.***

Dated: October 20, 2000.

**PREMIER TRANSPORTATION, INC.**

By: [signature]

~~Its~~: Seastone Hulk, LP
2240 Gallows Road
Vienna, VA 22182
Attorney for Premier Transportation, Inc.

Dated: Dec 7, 2000.

**SYSTRAN FINANCIAL SERVICES CORPORATION**

By: Carol Grant

Its: Risk Manager

Dated: November 7, 2000.

TRUCKERS EXPRESS, INC.

By: Brian J. Smith

Its: Vice President - General Counsel

Dated: 12/1, 2000.

**BEHNKE, INC.**

By: Theodore J. [signature]

Its: Controller

Dated: October 20, 2000.

**SITTON MOTOR LINES, INC.**

By: [signature]

Its: Seaman & Hush, LP

2240 Gallows Road

Vienna, VA 22182

Attorney for Sitton Motor Lines, Inc

## ORDER FOR DISMISSAL

Based upon the foregoing Stipulation for Dismissal with Prejudice entered into by the parties and upon all of the files, records and proceedings herein,

**IT IS HEREBY ORDERED:**

1. That the $10,000 deposited by St. Paul with the Clerk of Court represents all monies due and owing from St. Paul under the terms of the Bond.

2. That St. Paul is released and discharged from any and all liability arising out of, or in any way relating to, claims made by all parties, known and unknown, relating to the funds available under the Bond.

3. That the Bond funds shall be distributed in a pro rata basis in accordance with the the terms and conditions of Settlement Agreement and Release, as a described in the above Stipulation for Dismissal, and as set forth below:

   (a) Premier Transportation, Inc. shall receive $1,146.60.
   (b) Systran Financial Services Corp. shall receive $4,223.16.
   (c) Sitton Motor Lines, Inc. shall receive $1,059.92.
   (d) Behnke, Inc. shall receive $17.58.
   (e) Sonic Expediting, Inc. shall receive $3,302.19.
   (f) Truckers Express, Inc. shall receive $250.55.

4. The costs of this cause are taxed to St. Paul. Each party will bear its own expenses and attorney's fees.

5. That the above-entitled action is hereby dismissed with prejudice on the merits.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

**BY THE COURT:**

1/8/01

Judge of U.S. District Court

/831340.1

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

*This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.*

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd